IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IRONSHORE SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

v.

                                            No. 2:16-cv-00972 CG-GJF

XTO ENERGY INC; CONCHO
RESOURCES, INC.; COG OPERATING,
LLC; and SOUTHWEST ROYALTIES, INC.,

    Defendants.

## DEFENDANT XTO ENERGY INC.'S MOTION TO DISMISS

Defendant XTO Energy Inc., pursuant to Fed. R. Civ. P. 12(b)(6), requests the Court to dismiss it as a named party to this lawsuit.

### INTRODUCTION

This is a declaratory-judgment action seeking a declaration regarding coverage under two insurance policies issued by Plaintiff Ironshore Specialty Insurance Company ("Ironshore"). Defendant XTO Energy Inc. ("XTO") is not an insured under either policy. The insureds are the other named defendants, Concho Resources, Inc. ("Concho"), COG Operating, LLC ("COG"), and Southwest Royalties, Inc. ("Southwest").

As explained in the Complaint for Declaratory Judgment [Doc. 1], XTO and the other defendants are the working interest owners in the Nash Unit in southern New Mexico. XTO, as the operator of the Nash Unit, was named as a defendant in a personal-injury lawsuit arising from a fire at an oil and gas well within the Unit. The underlying personal-injury lawsuit has since concluded. Under the Unit Operating Agreement attached as an exhibit to the Complaint,

the other non-operating working interest owners owe XTO their proportionate share of the legal costs and expenses associated with the defense of the personal-injury lawsuit.

The only issue to be decided in this declaratory-judgment lawsuit is whether the non-operating working interest owners, Concho, COG, and Southwest, have insurance coverage. This does not, and should not, involve XTO.  If the positions of the parties were reversed, XTO would not be able to sue Ironshore for coverage under the policies as it would not be the real party in interest under Fed. R. Civ. P. 17. Therefore, it would be inequitable to obligate XTO to defend another lawsuit related to the underlying personal-injury lawsuit when there is no actual controversy between Ironshore and XTO. Further, XTO is not a necessary party under Fed. R. Civ. P. 19(a)(1). For these reasons, XTO respectfully requests the Court exercise its discretion under the federal Declaratory Judgment Act to dismiss XTO as a party to this action.

## FACTUAL BACKGROUND

XTO is a company engaged in oil and gas development, and the operator of the Nash Unit in Eddy County, New Mexico. Compl. ¶ 11. The other defendants, Concho, COG, and Southwest, own non-operating working interests in the Nash Unit, specifically in the Nash 49H well within the Unit. *Id.* ¶¶ 12-14. As working interest owners, all of the defendants own the rights to develop and produce the minerals, including oil and gas, underlying the properties in which they own the interest. *See Cont'l Potash, Inc. v. Freeport-Mcmoran, Inc.*, 1993-NMSC-039, 115 N.M. 690. The defendants have contractually pooled their working interests in the Nash Unit pursuant to a Unit Agreement, and their respective rights and obligations are set forth in the Unit Operating Agreement, which is attached as Exhibit C to the Complaint. Doc. 1-4.

As operator of the Nash Unit, XTO performs the unit operations on behalf of all the working interest owners.  Each working interest owner in the Unit, however, is responsible for its

proportionate share of costs and expenses incurred in connection with the operation of the Unit, including legal expenses. *Id.* at 13-15, Art. XII (Unit Expenses and Unit Operator's Lien); *id.* at Exhibit "D" (Accounting Procedure Joint Operations); *see also* Compl. ¶ 28. In its capacity as Unit operator, XTO is required to purchase insurance, including general liability insurance, on behalf of and for the benefit of the non-operating working interest owners. Ex. C to Compl. at 15-16, Art. XIII (Insurance). The two insurance policies at issue in this case were purchased in accordance with this requirement.

As set forth in the Complaint, XTO is not insured under either of the subject insurance policies issued by Ironshore. Compl. ¶¶ 16, 20. At paragraph 16 of the Complaint, Ironshore pleads that it issued a Commercial General Liability Policy, which provides at Endorsement 27 that "XTO is not insured under the IRONSHORE CGL POLICY," and that XTO's "co-owners, joint venturers or mining partners in oil and gas operations" are "additional insureds" under that policy. *See also* Exhibit A to Compl. [Doc. 1-1] (Commercial General Liability Policy). Similarly, at Paragraph 20 of the Complaint, Ironshore pleads that it issued an ExcessProtect Commercial Excess Liability Policy, and "like the IRONSHORE CGL POLICY the IRONSHORE EXCESS POLICY only provides coverage to XTO's co-owners, joint venturers or mining partners in gas operations with XTO." *See also* Exhibit B to Compl. [Doc. 1-2] (Commercial Excess Liability Policy). In short, the insureds under the Commercial General Liability Policy and the Commercial Excess Liability Policy issued by Ironshore are the non-operating working interest owners – the defendants Concho, COG, and Southwest – not XTO.

Ironshore filed the present lawsuit under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. *Id.* ¶ 1. As explained in the Complaint, this action arises from a personal-injury lawsuit related to a fire at the Nash 49H well. *Id.* ¶¶ 21-23. The injured parties sued - among other

3

defendants - XTO as the operator of the Nash Unit. The matter settled out of court. *Id.* Now Ironshore is seeking a declaration regarding coverage available to Concho, COG, and Southwest under the two policies, to contribute their proportionate share of the legal costs and expenses under the Unit Operating Agreement. *Id.* ¶¶ 1, 42(A)-(D).

## LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Because a Rule 12(b)(6) motion tests the legal sufficiency of the complaint, the court accepts as true all well-pled factual allegations in the complaint. *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). Here, the allegations in the Complaint make plain that XTO is not insured under either insurance policy at issue in this matter. The insureds are the other defendants in this lawsuit, Concho, COG, and Southwest. Because there is no "actual controversy" between Ironshore and XTO, and XTO is not a necessary party, the Court should dismiss XTO as a party to this lawsuit.

## ARGUMENT

### I. There Is No Actual Controversy Between Ironshore and XTO.

The federal Declaratory Judgment Act authorizes that "[i]n a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a). The purpose behind the Act is "to afford a speedy and inexpensive method of adjudicating legal disputes without invoking the coercive remedies of the old procedure," and "to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships." *Aetna Cas. & Surety Co. v. Quarles*, 92 F.2d 321, 325 (4 Cir. 1937). The Act is confined to cases

of actual controversy. It provides a procedure for a federal court "to declare the legal rights and obligations of adversaries engaged in a justiciable controversy." *Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989) (citing *Aetna Life. Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)).

It is well established that an actual controversy exists between an insurer and an insured facing potential liability when there is a question of coverage, especially if the insurer refuses to defend or indemnify the insured. *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 274 (1941). In *Maryland Cas. Co.* the Supreme Court articulated the test for an actual controversy as "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 273. The Court further noted that "[i]t is immaterial that frequently, in the declaratory judgment suit, the positions of the parties in the conventional suit are reversed; the inquiry is the same in either case." *Id.*

Here, there is no actual controversy between Ironshore and XTO because XTO is not a party to the insurance contracts. If, as noted by the Supreme Court, the positions of the parties were reversed in a conventional suit, XTO would <u>not</u> be able to sue Ironshore for recovery under the insurance contracts as it would not be the real party in interest. The real parties in interest in such a lawsuit would be the other defendants, who are named insureds under the insurance policies. Fed. R. Civ. P. 17 ("An action must be prosecuted in the name of the real party in interest."); *RMA Ventures Cal. v. SunAmerica Life Ins. Co.*, 576 F.3d 1070, 1073 (10th Cir. 2009) ("A well-founded prudential-standing limitation is that litigants cannot sue in federal court to enforce the rights of others."); *see also Wade v. Emcasco Ins. Co.*, 483 F.3d 657, 675 (10th Cir. 2007) ("In causes of action arising from a contract, only parties to the contract may enforce

the contract because 'the person who possesses the right sought to be enforced' is the real party in interest.") (interpreting Kansas real-party-in-interest statute).

Therefore, it seems antithetical to allow Ironshore to name XTO as a defendant in this declaratory-judgment action, and require it to spend additional resources to defend another lawsuit. Contrary to the purpose behind the Declaratory Judgment Act, resolution of this lawsuit will not "settle legal rights and remove uncertainty and insecurity from legal relationships," at least as between Ironshore and XTO. *See Maryland Cas. Co.*, 312 U.S. at 273. Because the other working interest owners would be the real parties in interest in an underlying lawsuit for coverage, they are the proper defendants in this suit – not XTO.

## II. XTO Is Not a Necessary, or Required, Party to this Action.

Further, XTO is not a necessary party to this lawsuit. Fed. R. Civ. P. 19(a)(1) provides as follows:

> (1) A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The first basis for which a party may be a required, or necessary, party is if its presence is necessary for "complete relief." *See Salt Lake Tribune Publishing Co., LLC v. AT & T Corp.*, 320 F.3d 1081, 1097 (10th Cir. 2003) (finding that party's absence from the case would not

prevent the district court from according complete relief among those already parties to the case). Here, there is little question that the Court can declare the legal rights as between Ironshore and the insureds under the two insurance policies without XTO's involvement. After all, XTO is not an insured under the contracts, and therefore its participation is not necessary for the Court to interpret the policies.

A party may also be a necessary party when it claims an interest relating to the subject of the action, and its absence may impair or impede the party's ability to protect that interest or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a)(1)(B); *see also Salt Lake Tribune Publishing Co.*, 320 F.3d at 10978. XTO is not so situated that resolution of this declaratory-judgment action without XTO will cause either of the problems identified by Rule 19(a)(1)(B)(i) and (ii). There is no reason that XTO needs to be a party to this lawsuit to protect its interests because its interests are not governed by the two insurance policies at issue in this lawsuit. Further, the underlying personal-injury lawsuit has been fully resolved. Therefore, the substantial risk of exposing the insured to inconsistent obligations arising from separate lawsuits, as contemplated by Fed. R. Civ. P. 19(a)(1)(B)(ii), is not present here.

### III.     The Court Has Discretion under the Declaratory Judgment Act to Dismiss XTO.

Finally, unlike with most federal actions, district courts have the discretion not to hear an action under the Declaratory Judgment Act, even when the lawsuit satisfies subject matter jurisdictional prerequisites. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). XTO is not asking the Court to dismiss this declaratory-judgment action, but rather to dismiss it as a party to the lawsuit. This coverage dispute does not involve XTO as it is neither the insurer nor the insured under the two policies. XTO has already expended considerable resources defending the

underlying personal-injury lawsuit, and should not be required now to defend this declaratory-judgement lawsuit, especially when it is not a necessary party to the suit. Accordingly, XTO should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, XTO respectfully requests the Court dismiss, with prejudice, XTO as a party to this lawsuit and grant such further relief as the Court deems appropriate.

Dated:  January 17, 2017                           Respectfully,

**HOLLAND & HART LLP**

By */s/ Bradford C. Berge*
    Bradford C. Berge
    Julia Broggi
110 North Guadalupe, Suite One
Post Office Box 2208
Santa Fe, New Mexico 87504-2208
TEL:   (505) 988-4421
FAX:   (505) 983-6043
Email: BBerge@hollandhart.com
       JBroggi@hollandhart.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January 2017, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

John S. Stiff
Stiff Keith & Garica LLC
400 Gold Avenue, SW, Suite 1300
Albuquerque, NM  87102
TEL:   (505) 243-5755
FAX:   (505) 243-5855
Email: jstiff@stifflaw.com

Randell E. Treadaway
Zaunbrecher Treadaway, L.L.C.
406 N. Florida Street, Suite 2
Covington, LA 70433
TEL: (985) 871-8787
FAX: (985) 871-8788
Email: randy@ztlalaw.com

**ATTORNEYS FOR PLAINTIFF**

Daniel W. Lewis
4801 Lang Ave NE, Suite 200
Albuquerque, NM 87109
PO Box 94750
Albuquerque, NM  87199
TEL: (505) 341-0110
FAX: (505) 341-3434
DLewis@allenlawnm.com

Dick R. Holland
Shafer, Davis, O'Leary & Stoker
P.O. Drawer 1552
Odessa, TX 79760-1552
TEL: (432) 332-0893
FAX: (432) 333-5002
dholland@shaferfirm.com

**ATTORNEYS FOR DEFENDANTS CONCHO RESOURCES, INC., COG OPERATING, LLC, AND SOUTHWEST ROYALTIES, INC.**

*/s/ Bradford C. Berge*
Bradford C. Berge

9489271_1